BOLIN, Judge.
Plaintiff sues for personal injuries he received when his car was struck by a truck. Plaintiff, after an earlier stop, neglected to disengage the emergency flashers on his Chevrolet and they remained activated as he traveled along the inside lane of a four-lane divided highway. Following plaintiff and traveling in the same direction were, respectively, a car driven by Sally Cunningham and a large gasoline truck owned by Wheeling Pipeline, Inc. Intending to make a left turn, plaintiff engaged his car’s left turn indicator but it did not work because the emergency blinkers were already engaged. Confronted with the suddenly decelerating Chevrolet, Mrs. Cunningham and the driver of the gasoline truck undertook evasive action. Mrs. Cunningham was successful but the truck swerved into the median and struck the Chevrolet during its left turn maneuver.
Plaintiff sued Wheeling, Sally Cunningham, and their insurers but the demands against Wheeling were settled. Plaintiff contends Mrs. Cunningham suddenly changed lanes from the outside to the inside lane in front of the Wheeling truck, causing the truck driver to apply his brakes, turn left, and strike plaintiff’s Chevrolet as it entered the crossover. The trial court rejected plaintiff’s demands. He appeals and we affirm.
Assuming Mrs. Cunningham was negligent, the decisive issue is whether plaintiff was contributorily negligent.
Mrs. Cunningham was proceeding east in the inside lane when she noticed plaintiff’s car overtaking her from the rear with the emergency lights flashing. Thinking there was an emergency, she yielded the left lane and allowed plaintiff’s car to proceed. After she had driven in the right lane for a short distance she came upon a slow-moving *1229 truck in this lane. She also noticed from her rear view mirror that the large Wheeling gasoline truck was in the right lane and rapidly closing in on her vehicle. She became alarmed and suddenly and without any signal drove her car into the left lane. She testified the truck was still in the right lane as she changed lanes. After she got into the left lane she noticed the brake lights of plaintiff’s Chevrolet. She brought her car almost to a stop and avoided striking plaintiff’s car by slowly driving to the right of the Chevrolet as it slowed and made its left turn into the crossover.
The Wheeling driver testified he was already in the left lane and in the process of passing the Cunningham vehicle when its driver suddenly and without warning changed lanes; that in order to avoid striking the Cunningham car he applied his brakes and pulled to the left; that he struck plaintiff’s Chevrolet after it had completed its left turn and was in the crossover. He testified he saw the brake lights of the Chevrolet but that he undertook his evasive actions solely to avoid striking the Cunningham vehicle.
In a written opinion the trial judge found Mrs. Cunningham and the truck driver had apparently changed lanes at the same instant. The testimony of the two drivers being irreconcilable, we accept this conclusion. Based upon this finding, we do not accept the truck driver’s version that it was solely the presence of the Cunningham car immediately in front of his truck which precipitated his evasive action. To the contrary we find the truck driver’s actions were caused by his seeing the brake lights of plaintiff’s Chevrolet and his realization that a collision with either the Chevrolet or the Cunningham car was imminent.
The negligence of plaintiff in operating his vehicle on a heavily traveled highway with the emergency blinkers on, and in making a left turn without observing following traffic and timely giving a left turn signal was, at least, a contributing cause of the accident.
The judgment is affirmed at appellant’s cost.